```
           UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ALABAMA
                   EASTERN DIVISION

TIMMY GEORGE PERKINS            )
                                )
          Petitioner,           )
                                )
v.                              ) Case Number: 1:14-cv-2186-WMA-JHE
                                )
WARDEN CARTER F. DAVENPORT      )
and THE ATTORNEY GENERAL OF     )
THE STATE OF ALABAMA,           )
                                )
          Respondents.
```

**MEMORANDUM OPINION**

On December 28, 2015, the magistrate judge entered a Report and Recommendation, (doc. 25), recommending that this petition for writ of habeas corpus be dismissed with prejudice. Two days later, the court received a motion for an order to "show cause why Petitioner should not be released," dated December 28, 2015. (Doc. 26). For the reasons stated in the magistrate judge's report and recommendation and other orders, the motion to show cause, (doc. 26), is **DENIED.**

On January 7, 2016, the court received Perkins' objections to the magistrate judge's report and recommendation. (Doc. 27). Perkins contends the magistrate judge failed to (1) conduct an evidentiary hearing; (2) order the respondents to provide a copy of the trial transcript; and (3) address the petitioner's claims. (*Id.* at 1).

The court has considered the entire file in this action, together with the report and recommendation, and has reached an

independent conclusion that the report and recommendation is due to be adopted and approved. On April 14, 2011, a jury in the Circuit Court of Calhoun County, Alabama, convicted Perkins of two counts of first-degree sodomy in violation of Alabama Code § 18-6-63 (1975). He received two life sentences to be served consecutively. (*Id.*). Perkins appealed, (doc. 2-3), and later filed a Rule 32 petition, which were denied in the preliminary stages for failure to pay the filing fee. (*See* www.alacourt.gov, CC-2009-898-60 and CC-2009-899.60). On October 7, 2014, Perkins filed this habeas petition arguing his trial counsel was constitutionally ineffective for failing to interview, subpoena, and then call as a witness the father of his alleged victims. (Doc. 1-2). Perkins further argues that, because he is "actually innocent, his claim is not time-barred.

   The magistrate judge concluded that Perkins' claim is time-barred by 28 U.S.C. § 2244(d), and that Perkins' "new evidence" falls well-short of the threshold showing required by *Schlup v. Delo*, 513 U.S. 289 (1995), and its progeny to show actual innocence and excuse his untimeliness. (Doc. 25). Perkins fails to point to any evidence that was not available at the time of trial "that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. Alternatively, the magistrate judge found that, even if Perkins' claims were not time-barred, they are procedurally defaulted and

there is a lack of "new evidence" to excuse the default. (*Id.*). As timeliness is a threshold consideration, the magistrate judge did not err by not considering the merits of Perkins' claim or by denying his request for reconsideration, transcripts, and an evidentiary hearing. (*See* Docs. 16, 17, 19, 20, 21, 22, 23, and 24).

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of this court. The petition for writ of habeas corpus is due to be **DISMISSED**. A separate Order will be entered.

This court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds Petitioner's claims do not satisfy either standard.

**DONE** this 11th day of January, 2016.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

3